WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

THE ESTATE OF DAVID HARMON, by )   No. CV 12-01990-PHX-JAT
and through JEANNIE PATRICK, )
Personal Representative; JEANNIE )   **ORDER**
PATRICK, on behalf of herself and other )
survivors of DAVID HARMON, )
)
            Plaintiffs, )
)
vs. )
)
)
AVALON HEALTH CARE. INC., a Utah )
corporation doing business in Arizona as )
AVALON CARE CENTER-SHADOW )
MOUNTAIN; AVALON HOLDING )
INC.; AVALON HEALTH CARE )
C E N T E R S , L L C ; A V A L O N )
HEALTHCARE MANAGEMENT OF )
ARIZONA, LLC; AVALON CARE )
CENTER-SCOTTSDALE, LLC; GARY )
KOTZ and JANE DOE KOTZ, husband )
and wife; JOHN and JANE DOES I-X; )
ABC CORPORATIONS I-X; XYZ )
PARTNERSHIPS I-X, )
)
            Defendants. )
_____ )

        Pending before the Court are (1) Defendants' Motion to Deny Joinder (Doc. 7) and

(2) Plaintiff's Motion to Remand to State Court (Doc. 11). In general, the Court undertakes

an inquiry on joinder of a diversity-destroying defendant under 28 U.S.C. §1447(e) when

presented with a motion for leave to amend a complaint. Given that an amended complaint

has already been filed, and joinder has already occurred, the Court will treat Defendants'

1   Motion to Deny Joinder as a Motion to Dismiss Defendant Gary Kotz. In the alternative,

2   even if the Court were to apply the factors test for denial of joinder under 28 U.S.C.

3   §1447(e), the outcome would not change.  The Court now rules on the motions.

4          **I.**       **Factual and Procedural Background**

5         David Harmon was a resident of a nursing home, operated by Defendant Avalon

6   Health Care Center - Shadow Mountain, in Scottsdale, Arizona from January 2011 until

7   March 8, 2011 (Doc. 6). On June 13, 2011 David Harmon died at the age of eighty-nine years

8   old (Doc. 6). On July 31, 2012, after being appointed as Personal representative of Mr.

9   Harmon's estate, Jeannie Patrick filed a complaint in the Superior Court of Arizona on behalf

10  of the Estate of David Harmon, alleging violations of Arizona Revised Statute section 12-561

11  *et seq.* and the Adult Protective services Act (the "APSA"), Arizona Revised Statute section

12  46-455, and an action on behalf of the survivors of Mr. Harmon under Arizona Revised

13  Statute section 12-612 for wrongful death, with all claims resulting from alleged acts and

14  omissions of the Defendants and their agents (Doc. 6).  On August 29, 2012 Plaintiff filed

15  an amended complaint in the Superior Court of Arizona (Doc. 7).  Both Complaints named

16  as defendants: Avalon Health Care, Inc; Avalon Care Center - Shadow Mountain; Avalon

17  Holding, Inc.; Avalon Health Care Centers, L.L.C.; Avalon Health Care Management of

18  Arizona, L.L.C.; and Avalon Care Center L.L.C. (collectively "Defendants") (Doc. 7).

19        In the original complaint, Plaintiffs alleged that Defendants were acting in a joint

20  venture and as an enterprise in the operation of Shadow Mountain, and were principals of all

21  those employed at Shadow Mountain, and as such are jointly liable for the negligent acts and

22  omissions that occur at Shadow Mountain. Plaintiffs alleged that Defendants owed a duty to

23  Mr. Harmon, as a resident, to: sufficiently staff the nursing home, properly assess and

24  diagnose his conditions, develop and implement appropriate care plans, communicate with

25  his physicians, maintain accurate records of his treatment and progress, train and schedule

26  sufficient staff, and supervise staff in performing their fulfillment of his care and safety

27  needs. Plaintiffs alleged that Defendants held themselves out as "ready, willing, and able"

28  to perform theses duties (Doc. 6). Plaintiffs further alleged that Defendants and their agents

1  and employees, failed all of these duties and failed to exercise the degree of care, skill and

2  learning expected of healthcare providers (Doc. 6). Plaintiffs alleged that these failures led

3  to Mr. Harmon's development of a large Stage IV pressure ulcer, malnutrition, dehydration,

4  and multiple infections while at Shadow Mountain (Doc. 6).  Plaintiffs alleged these failures

5  constituted abuse and neglect that deteriorated Mr. Harmon's health and eventually led to his

6  untimely death (Doc. 6).

7        All named Defendants were either Utah Corporations or Utah Limited Liability

8  Companies doing business in Arizona as Shadow Mountain (Doc. 6). At the time the original

9  complaint was filed, all parties to the action were diverse. On September 18, 2012, pursuant

10 to 28 U.S.C. § 1332(a),  Defendants removed the action to this Court based on diversity

11 jurisdiction (Doc. 1).  On September 19, 2012, Plaintiffs filed a first amended complaint[1]

12 adding a non-diverse defendant, Defendant Gary Kotz ("Defendant Kotz"), alleging claims

13 against him in his capacity as administrator of  Shadow Mountain (Doc. 6).

14        In Plaintiffs' amended complaint, they re-allege the claims against Defendants from

15 the original complaint in addition to the new claims against Defendant Kotz.  Plaintiffs allege

16 that as an administrator, Defendant Kotz owed a variety of duties to Mr. Harmon under

17 Federal and State statutes and regulations, as well as the common law (Doc. 6). Plaintiffs

18 allege that as administrator of Shadow Mountain, Defendant Kotz owed a duty to Mr.

19 Harmon to, among other things:  employ, train, and schedule sufficient staff, ensure Shadow

20 Mountain was in compliance with Federal and State Regulations, correct deficiencies within

21 the facility, and supervise the care given to Mr. Harmon (Doc. 6). Plaintiffs allege Mr. Kotz

22 failed to adequately fulfill these duties and as a result Mr. Harmon suffered the above

23 mentioned medical complications and eventually an untimely death (Doc. 6). All requests

24 for relief are stated jointly and severally against all Defendants (Doc. 6).

25        Following the filing of Plaintiffs' first amended complaint with this Court, Defendants

26

27        [1]  Defendants note that although Plaintiffs call this a first amended complaint, it is

28 actually a second amended complaint.

1   filed their Motion to Deny Joinder (Doc. 7). In response, Plaintiffs filed a Response to

2   Motion to Deny Joinder and a Motion to Remand to State Court (Doc 11).

3       **II.    Defendant Kotz**

4       Defendants argue that their Motion to Deny Joinder should be decided under a six

5   factor test, used by courts within the Ninth Circuit, to determine whether the court should

6   exercise its discretion in allowing joinder under 28 U.S.C. §1447(e).  Because this Court sees

7   the Motion to Deny Joinder as a Motion to Dismiss Defendant Kotz, the Court will analyze

8   it as such under Federal Rule of Civil Procedure 12(b)(6). However, even under the six factor

9   test presented by Defendants, the Court would be justified in exercising its discretion to

10  allow joinder and remand the case to State court.

11      **A.    Motion to Dismiss**

12      To survive a motion to dismiss, a complaint must meet the requirements of Federal

13  Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the

14  claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of

15  what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

16  550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

17      In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

18  alleged in the complaint in the light most favorable to the drafter of the complaint and the

19  Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

20  234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept as true

21  a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286

22  (1986). Thus, if Plaintiffs have stated a claim against Defendant Kotz, then joinder will be

23  permitted.

24      Plaintiffs argue that they stated a claim against Defendant Kotz for abuse and neglect

25  of a vulnerable adult and wrongful death in violation of the APSA, Arizona Revised Statute

26  section 46-455. Defendants argue that Plaintiffs have not stated a claim against Defendant

27  Kotz.

28      An action exists under Arizona Revised Statute section 46-455 when any person or

enterprise that has been employed to provide care and has assumed a legal duty to provide care, has caused or permitted a vulnerable adult's life or health to be endangered or injured by neglect, abuse, or exploitation. Ariz. Rev. Stat. § 46-455.

In the complaint, Plaintiff alleges that Defendant Kotz, in his capacity as an administrator, was employed to provide care to Mr. Harmon. A claim under the APSA is not limited to a direct care-giver relationship and can be asserted against anyone who has "caused or permitted" the neglect or abuse of an incapacitated or vulnerable person. Ariz. Rev. Stat. § 46-455. *See Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 629, 146 P.3d 1027, 1038 (Ariz. Ct. App. 2006) (finding a director of a nursing facility who was responsible for overseeing staff education and patient care, and ensuring compliance with regulations, was subject to suit). Plaintiffs' first amended complaint also states that Defendant Kotz had duties in his capacity as administrator, under 42 U.S.C. § 1395, Code of Federal Regulations section 483, and Arizona Administrative Code  R9-10-90, to Mr. Harmon.  Plaintiff alleges Defendant Kotz failed those duties. Plaintiff alleges that this failure by Defendant Kotz caused or permitted the abuse and neglect of Mr. Harmon, eventually leading to serious medical complications and death. All elements of an APSA claim have been alleged by Plaintiff against Defendant Kotz.  Because the Court finds that Plaintiff has stated a claim against Defendant Kotz, the Court finds no reason why he should not be joined to this lawsuit.

**B.    Motion to Deny Joinder**

The decision of whether to permit or deny joinder of a diversity-destroying defendant is left to the discretion of the District Court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to deny joinder of a diversity-destroying party, courts in the Ninth Circuit have generally considered a variety of factors including: (1) whether the person sought to be joined is needed for just adjudication and would be a necessary party under Rule 19(a); (2) the plaintiff's motive for seeking joinder and whether plaintiff is seeking to add a defendant solely to destroy diversity of citizenship; (3) the delay in seeking to add the new defendant; (4) whether, if joinder is denied, the statute of

limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied. *See e.g.*, *Clinco v. Roberts*, 41 F. Supp.2d 1080, 1082 (C.D. Cal 2011); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 579-80 (D. Ariz. 2003) (internal citations omitted). The Court considers each of these factors in turn.

### 1.      Rule 19(a)

Under Rule 19(a), a party is required to be joined when that party's absence interferes with the court's ability to accord complete relief among the existing parties or the parties' absence will impede its ability to protect its interests or would subject any party to the risk of inconsistent results. Fed. R. Civ. P. 19(a).

A party's status as a necessary party is not based on "any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)). The standard under Rule 19(a) is met when a party has an interest in the controversy and should be joined so that the court may decide on, and finally determine the entire controversy. *Id.*

Defendants argue that Defendant Kotz is not an indispensable party because there is no further relief granted to the Plaintiff by adding an agent such as Kotz, than by going after the principal entity as a whole.  Plaintiffs argue that Defendant Kotz is a necessary party because he owed duties to Mr. Harmon that are separate and distinct from the facility. Plaintiffs allege Defendant Kotz can be held independently liable, for any breach of the specific duties imposed on him as an administrator by Federal statutes and regulations, as well as by State statutes and regulations.

The Court finds that although Plaintiff has alleged claims against Defendant Kotz that are separate and distinct from those alleged against Defendants, because they all arise from the same transaction or occurrence, Defendant Kotz is a necessary party to afford complete relief of the entire controversy. Therefore, this factor weighs in favor of joinder.

## 2. Plaintiffs' Motive

The Ninth Circuit Court of Appeals has stated, that the motive of a plaintiff in adding an additional defendant is relevant to a court's decision in granting leave to amend a complaint. *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980).

It is clear that Plaintiffs hope to have this action proceed to state court, as evidenced by her motion to remand and the language in the first amended complaint. However, it is not clear that this is the sole motive for Plaintiffs' addition of Defendant Kotz. Plaintiffs argue that she always intended to add the administrator of Shadow Mountain to the complaint, and added Defendant Kotz once his identity as administrator was discovered. Defendants have not provided any convincing evidence to the contrary. Because it is not clear to the Court that the addition of Defendant Kotz was solely to destroy diversity jurisdiction, this factor weighs in favor of joinder.

## 3. Delay

Plaintiffs allege they discovered the identity of the non-diverse party in the days immediately preceding the removal of the case to this court, and were in the process of amending the complaint to add Defendant Kotz before removal by Defendants. Defendants have not offered any evidence contrary to this explanation. Therefore, this factor weighs in favor of joinder.

## 4. Statute of Limitations

Under Arizona Revised Statute section 46-455(K) the statute of limitations on Plaintiffs' claim requires suit to be brought within two years after the actual discovery of a cause of action. Ariz. Rev. Stat. § 46-455(K). It is unclear from the first amended complaint exactly when Plaintiffs discovered this cause of action; however, it appears that from the initial date of Mr. Harmon's entry into the Shadow Mountain home in January of 2011, the earliest the statute of limitations would expire is in January of 2013. As for Plaintiffs' wrongful death claim, under Arizona Revised Statute section 12-542(2), the statute of limitations would continue until two years after the date of Mr. Harmon's death, or until June

13, 2013. Thus, it appears the statute of limitations on Plaintiffs' claims against Defendant Kotz have not run, and Plaintiffs could bring a separate case against him. As a result, this factor weighs against joinder.

### 5.    Validity of Claim

The Court resolves any doubt about whether Plaintiffs have stated a valid cause of action against Defendant Kotz in favor of the case being litigated in the state court. *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). As mentioned previously, Plaintiffs' complaint against Defendant Gary Kotz would survive a motion to dismiss because Plaintiffs have alleged the elements of a claim under the APSA. Therefore, this factor weighs in favor of joinder.

### 6.    Prejudice to Plaintiff

In a case of joint and several liability, if the principal is unable to afford the Plaintiff complete relief, the agent may be responsible for payment. Ariz. Rev. Stat. Ann. § 12-2506. Thus, Plaintiffs may have to seek a recovery from Defendant Kotz. Accordingly, the other Defendants' potential liability for Defendant Kotz actions doe not mean Plaintiffs would suffer no prejudice if Defendant Kotz was not joined.

Furthermore, there has been no evidence presented that Defendants would be prejudiced by the joinder of Defendant Kotz. Therefore, even if Plaintiffs were only slightly prejudiced, this factor would weigh in favor of joinder. Because the Court finds there is a potential prejudice to Plaintiffs, this factor weighs in favor of joinder.

### C.    Conclusion

Because the Court finds Plaintiffs stated a claim against Defendant Kotz and to the extent the Court construed the motion to deny joinder as a motion to dismiss, the motion is denied. Alternatively, after consideration of the joinder factors, the Court exercises its discretion under 28 U.S.C. § 1447(e) and permits the joinder of Defendant Kotz.

## III.    Motion to Remand

The Court has determined Defendant Kotz is properly named in this suit. Next, this Court has an ongoing obligation to ensure that subject matter jurisdiction exists. *See*

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. §1447(c). Although a district court's decision to allow joinder of the non-diverse defendants is a discretionary decision, once the non-diverse defendants are joined, remand becomes mandatory. *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). Because the Court has permitted the joinder of Defendant Kotz, there is no longer complete diversity among the parties under 28 U.S.C. §1332, and the case must be remanded to State court.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Deny Joinder (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 11) is granted.[2]

**IT IS FINALLY ORDERED** that all other pending motions remain pending before the state court.[3]

DATED this 20th day of December, 2012.

_____
James A. Teilborg
United States District Judge

---

[2]  Because the Court has determined remand is appropriate, the Court need not consider the probate exception to federal subject matter jurisdiction.

[3]  These motions include the Motion to Compel Arbitration (Doc. 8), the Motion for Expedited Consideration (Doc. 16), and Motion to Declare Arbitration Agreement Unenforceable (Doc. 22).